UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DR. GERALD FINKEL, as Chairman of the
Joint Industry Board of the Electrical Industry,

                      Plaintiff,                   **MEMORANDUM and ORDER**

         — against —                            06-CV-4862 (SLT)(MDG)

INS ELECTRICAL SERVICES INC. d/b/a
INS ELECTRICAL SERVICES NYC INC.,

                      Defendant.
-------------------------------------------------------------------X

**TOWNES, United States District Judge:**

      On September 8, 2006, plaintiff, Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry ("Plaintiff" or the "Joint Board"), commenced this action against defendant INS Electrical Services Inc. d/b/a INS Electrical Services NYC Inc. ("Defendant" or "INS") pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA") and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. The complaint alleges that Defendant failed to submit certain payroll reports or pay certain monetary contributions, including ERISA, Non-ERISA, and 401(k) contributions, to the Joint Board, as required by the effective collective bargaining agreement. Plaintiff seeks an Order from this Court directing Defendant to submit the unfurnished payroll reports, pay the delinquent contributions, and restore the lost investment income and interest suffered by the 401(k) Plan. In addition, Plaintiff seeks interest on the delinquent contributions, liquidated damages, attorneys' fees, and costs.

      On September 26, 2006, Plaintiff filed an affidavit of service indicating that it had served the complaint on Defendant's managing agent on September 14, 2006. Defendant failed to appear, and, on March 8, 2007, Plaintiff moved for a default judgment. Thereafter, the Clerk of the Court noted

Defendant's default in the action, and on March 19, 2007, this Court referred Plaintiff's motion to Magistrate Judge Marilyn D. Go for an inquest on damages.

Now before this Court is the Report and Recommendation of Judge Go, issued, as supplemented, on March 12, 2008 ("R&R"), in which she recommends that Plaintiff be awarded $89,793.09 in delinquent contributions, $14,241.27 in prejudgment interest through March 31, 2008 (and at a daily rate of $17.45 thereafter until the date of judgment), $15,959.86 in liquidated damages, and $7,057.44 in attorneys' fees and costs, for a total of $127,052.06.[1] The R&R instructs the parties that they should file their objections, if any, to the R&R within ten (10) days of receiving it. To date, the Court has not received any objections. For the reasons set forth below, the R&R is adopted in its entirety, and judgment shall be entered against Defendant in the amount of $127,052.06, as delineated in the R&R.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, a court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts

---

[1] Judge Go's calculations regarding the delinquent contributions, as well as interest and liquidated damages, are based upon payroll reports that Defendant submitted to Plaintiff after Plaintiff moved for a default judgment in this action. *See* R&R, at 4.

seek to satisfy themselves "that there is no clear error on the face of the record in order to accept the [magistrate judge's] recommendation." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *accord Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007); *cf. Lewis v. Berg*, No. 00-CV-1433, 2006 WL 1064174, at *2 n.8 (N.D.N.Y. Apr. 20, 2006).

Here, no party has filed any objections to the R&R. This Court, therefore, need not review Judge Go's factual or legal conclusions, but has nonetheless reviewed the R&R for clear error on the face of the record. Having reviewed the record, this Court finds no clear error. Accordingly, the R&R is adopted in its entirety, and Plaintiff is granted judgment against Defendant, in the amount of $89,793.09 for delinquent contributions, $14,241.27 for prejudgment interest through March 31, 2008 (and at a daily rate of $17.45 thereafter until the date of judgment), $15,959.86 for liquidated damages, and $7,057.44 for attorneys' fees and costs, for a total of $127,052.06.

## CONCLUSION

Judge Go's R&R, issued, as supplemented, on March 12, 2008, is hereby adopted in its entirety. The Clerk of Court is directed to enter judgment in favor of Plaintiff in the amount of $89,793.09 for delinquent contributions, $14,241.27 for prejudgment interest through March 31, 2008 (and at a daily rate of $17.45 thereafter until the date of judgment), $15,959.86 for liquidated damages, and $7,057.44 for attorneys' fees and costs, for a total of $127,052.06.

SO ORDERED.

Dated: Brooklyn, New York
April 4, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge